NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE RANDOLPH CREWS,**
*Petitioner.*

---

Miscellaneous Docket No. 114

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in case no. 08-CV-068, Judge Bohdan A. Futey.

---

**ON PETITION**

---

PER CURIAM.

**O R D E R**

Randolph Crews petitions for a writ of mandamus instructing the United States Court of Federal Claims that its December 20, 2008 decision dismissing Mr. Crews's complaint under a laches theory is "null and void."

I.

On January 29, 2008, Mr. Crews filed a complaint in the Court of Federal Claims, seeking more than $400,000,

alleging that he was wrongfully denied disability retirement pay in violation of 10 U.S.C. § 1201 because the Air Force Board for Correction of Military Records ("Board") refused to correct his service records to reflect a medical disability discharge. On December 10, 2008, the Court of Federal Claims determined that it had jurisdiction over Mr. Crews's complaint, but granted the government's request to dismiss his complaint under a laches theory. The court reasoned that Mr. Crews had "been aware of his condition for over forty-eight years at the time he submitted his Application to the Board" and had "clearly slumbered on his rights." *Crews v. United States*, No. 08–68C, slip op. at 5 (Dec. 10, 2008). It further determined that the government was prejudiced by the delay because the government's defense would require access to witness testimony and historic records. Witnesses would likely be unavailable and—even if they were available—unable to recall the necessary details after the lengthy passage of time. Similarly, the court found that written records might have been lost or destroyed. Mr. Crews did not appeal the court's dismissal of his complaint.

On May 17, 2010, Mr. Crews filed a motion for a new trial in the trial court. The Court of Federal Claims denied this motion, noting that the evidence Mr. Crews submitted was insufficient to grant the relief requested and that RCFC 6(b)(2) "unequivocally bars the Court from extending the time limits for motions for new trial or reconsideration under RCFC 59(b) or for relief from judgment under RCFC 60(b)." Mr. Crews appealed. On April 6, 2011, this court affirmed the Court of Federal Claims, concluding that the trial court did not abuse its discretion in denying reconsideration, a new trial, or relief from judgment.

On January 24, 2012, Mr. Crews filed a writ of mandamus asking this court to vacate the Court of Federal Claims's December 20, 2008 decision.

## II

A writ of mandamus is a drastic remedy that is used sparingly. This court can issue a writ only when the following conditions are met: 1) the petitioner must have no other adequate means to attain the relief he desires; 2) the petitioner must demonstrate a clear and indisputable right to the issuance of the writ; and 3) the court must be convinced that the circumstances warrant issuance of the writ. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004).

Mr. Crews now seeks a writ of mandamus to again challenge the Court of Federal Claims's disposition of his case. His case is over in that court and he has exhausted any appellate rights. Just as a writ of mandamus is not a substitute for the appeals process, *id.*, it also cannot be used in these circumstances when the case is over and appeals have been resolved.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

FEB 0 6 2012
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 0 6 2012

JAN HORBALY
CLERK

cc: Randolph Crews
Jeanne E. Davidson, Esq.
Clerk, United States Court of Federal Claims

s25